UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

HANS MOISE, and other similarly situated )
individuals, )
 )
        Plaintiff, )
 )
v. )
 )
BOARD OF COUNTY COMMISSIONERS, )
MIAMI-DADE COUNTY, FLORIDA, )
 )
        Defendant. )
_____ )

## COMPLAINT

The Plaintiff, HANS MOISE, sues the Defendant, BOARD OF COUNTY COMMISSIONERS, MIAMI-DADE COUNTY, FLORIDA, and alleges:

1. This is an action to recover money damages for unpaid overtime and minimum wages. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act")[1].

2. Plaintiff, HANS MOISE ("MOISE" or "Plaintiff"), is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. MOISE is a covered employee for purposes of the Act.

3. Defendant, BOARD OF COUNTY COMMISSIONERS, MIAMI-DADE COUNTY, FLORIDA (the "Board") is a Florida municipality doing business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

---

[1] The Plaintiff is in the process of filing a charge of discrimination with the EEOC. As soon as the EEOC issues its Right to Sue Letter, the Plaintiff will move to amend this complaint to include causes of action for age discrimination under the FCRA and the ADEA.

# COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *MOISE* AGAINST *BOARD*

4. MOISE re-adopts each and every factual allegation as stated in paragraphs 1 through 3 above as if set out in full herein.

5. This action is brought by MOISE to recover from Board unpaid minimum wages and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and also under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees … for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Section 206(a)(1) of the Act states: "... an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

7. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

8. In Florida, the minimum wage from January 1, 2016, through December 31, 2016, was $8.05 per hour. For 2017, the minimum wage in Florida is $8.10 per hour.

9. The Act covers all public agency employees of a State, a political subdivision of a State, or an interstate government agency, including the county of Miami-Dade and its subdivisions.

10. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Board is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this complaint, Board operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and Board obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of Board was at all times material hereto in excess of $500,000.00 per annum, and/or MOISE, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

11. By reason of the foregoing, Board is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or MOISE, and those similarly situated, were engaged in interstate commerce for Board. Board's business activities involve those to which the Act applies. Board is a municipality covered by the Act and, through its business activity, affects interstate commerce. MOISE's work for Board likewise affects interstate commerce. MOISE was employed by Board as a supervisor of paid trainees at the Greater Miami Service Corps.

12. While employed by Board, MOISE routinely worked in excess of 40 hours per week without being compensated at a rate of not less than one and one half times the regular rate at which he was employed. MOISE was employed as a supervisor of paid trainees at the Greater

Miami Service Corps, performing the same or similar duties as that of those other similarly situated supervisors whom MOISE observed working in excess of 40 hours per week without overtime compensation.

13. MOISE's salary, at all times relevant, was and is $6.5 per hour.

14. In other words, the Board never properly compensated MOISE at the minimum wage rate as well as overtime wages for the hours that he worked in excess of 40 hours per week. MOISE has been employed by Board between March of 2016 and the present. MOISE seeks to recover unpaid minimum and overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this complaint.

15. Prior to the completion of discovery and to the best of MOISE's knowledge, at the time of the filing of this complaint, MOISE's good faith estimate of his unpaid wages is as follows:

    a. **<u>Minimum Wages</u>**

        i. <u>From January 2016 through December 2016</u>
            $8.05 - $6.5 = $1.55 x 45 hours x 52 compensable weeks = **$3,627**
       ii. <u>From January 1, 2017 through March 7, 2017 (9 weeks)</u>
            $8.10 - $6.5 = $1.6 x 45 hours x 9 compensable weeks = **$648**

    b. **<u>Overtime Wages</u>**

        i. <u>From January 2016 through December 2016 (52 weeks)</u>
            $8.05 x .5 (overtime rate) x 5 overtime hours x 52 weeks = **$1,046.50**
       ii. <u>From January 1, 2017 through March 7, 2017 (9 weeks)</u>
            $7.79 x .5 (overtime rate) x 5 overtime hours x 9 weeks = **$182.25**

    c. **<u>Total Unpaid Wages</u>**: $5,503.75

    d. **<u>Liquidated Damages</u>**: $5,503.75

    e. **<u>Grand Total</u>**: $11,007.50

16. At all times material hereto, Board failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that MOISE, performed services and worked in excess of the maximum hours provided by the Act but no provision was made by Board to properly pay them at the rate of time and one half for all hours worked in excess of 40 hours per workweek as provided in said Act. Furthermore, Board did not abide by the Federal law requiring that employees be paid at least a minimum wage.

17. Board knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum and overtime wages as required by the Act and remains owing MOISE, and those similarly situated, these minimum and overtime wages since the commencement of MOISE's, and those similarly situated employees' employment with Board as set forth above, and MOISE is entitled to recover double damages. Board never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

18. Board willfully and intentionally refused to pay MOISE minimum and overtime wages as required by the laws of the United States as set forth above and remains owing MOISE these minimum and overtime wages since the commencement of MOISE's employment with Board as set forth above.

19. MOISE has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### **PRAYER FOR RELIEF**

**WHEREFORE**, MOISE and those similarly situated request that this Honorable Court:

A. Enter judgment for MOISE, and others similarly situated, and against Board on the basis of Board's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award MOISE actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty per week, with interest; and

C. Award MOISE an equal amount in double damages/liquidated damages; and

D. Award MOISE reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

MOISE, and those similarly situated, demand trial by jury of all issues triable as of right by jury.

Dated: March 16, 2017.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549