# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 17-cv-20993-JAL/Goodman

**HANS MOISE, and other similarly situated individuals,[1]**

        **Plaintiff,**

**v.**

**MIAMI-DADE COUNTY,**

        **Defendant.**

_____

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Defendant Miami-Dade County ("the County") pursuant to Federal Rule of Civil Procedure 56 and Local Rule of the Southern District of Florida 56.1, files this Motion and Memorandum of Law in Support of Its Motion for Summary Judgment.  The County has also filed a separate statement of material facts not genuinely in dispute. (DE 66)(hereafter cited as "DSMF").

Plaintiff Hans Moise ("Moise") has improperly sued Defendant Miami-Dade County regarding his service as an AmeriCorps member with the Greater Miami Service Corps ("GMSC") from March 2016 through July 2017.  Under federal law, as an AmeriCorps member, Moise was not an employee of any employer. *See* 42 U.S.C. § 12511(17)(13)("A participant shall not be considered to be an employee of the program in which the participant is enrolled").  And more to the point, Moise was certainly not an employee of the Defendant Miami-Dade County.  Summary judgment of Moise's claims against the Defendant County is therefore appropriate.

---

[1] In the style of the case, the Plaintiff refers to "other similarly situated individuals."  The Plaintiff, however, does not refer to "other similarly situated individuals" in the Amended Complaint or comply with Fed. R. Civ. P. 23.

In 1990, Congress enacted the National and Community Service Act of 1990, 42 U.S.C. § 12501 *et. seq.* ("the Service Act") and created the AmeriCorps program whereby volunteers may provide public service within the United States.  Because the Service Act makes clear that Moise is not an employee, he cannot avail himself of the statues under which he has sued including the Fair Labor Standards Act, 29 U.S.C. § 201[2], the Americans with Disabilities Act, 42 U.S.C. 12101 *et. seq.,* the Florida Civil Rights Act, *Fla. Stat.* 760.10 *et. seq.*, or the Florida Workers Compensation Act, *Fla. Stat.* 440.205.  *See Murray American Red Cross Capital Area Chapter*, _____ F. Supp. 3d _____, 2008 U.S. Dist. Lexis 112052 (N.D. Fla. 2008)(granting summary judgment because plaintiff as an AmeriCorps member is not an employee under Title VII or FCRA);  *Rodriguez v. Corp National Community Service,*___ F. Supp. 3d ___, 2009 U.S. Dist. Lexis 67534 (W.D. Tex. 2009)(granting summary judgment on plaintiff's ADA and RA claims because AmeriCorps members are not employees); *Self v. I Have a Dream Foundation-Colorado*, 552 Fed. Appx. 782 (10th Cir. 2013)(affirming summary judgment on plaintiff's ADA claims because "[u]nder federal law, AmeriCorps participants are not considered employees of the Foundation").  *See also Wage & Hour Div., U.S. Dep't of Labor,* Opinion Letter of November 18, 1998 ("Given this statutory language, we agree that an . . . an AmeriCorps participant is not an employee of the program for purposes of the Fair Labor Standards Act").

---

[2]  The Amended Complaint consists of ten counts.  Counts I and II are FLSA wage and retaliation claims, respectively.  Counts III and V are ADEA discrimination and retaliation claims, respectively.  Counts IV and VI are FCRA age discrimination and retaliation claims, respectively.  Count VII is an ADA claim.  Count VIII is an FCRA disability discrimination claim.  Counts IX and X are discrimination and retaliation claims under Florida's Workers Compensation Act, respectively.  Finally, in paragraph 1 of the Amended Complaint Plaintiff refers to Florida's Whistleblower Act, but there is no corresponding count or allegations stating a claim.  Plaintiff seeks punitive damages.  These damages are not available against sovereign governmental entities such as the County.  *See e.g., Cabrera-Rodriguez v. School Bd. of Miami-Dade County, Fla.*, 2012 WL 4338848 at *4 (S.D. Fla. 2012).

OFFICE OF COUNTY ATTORNEY, MIAMI-DADE COUNTY
TELEPHONE (305) 375-5151

Thus, Moise was not an employee of any employer under the statutes under which he has sued. Most importantly, Moise was not an employee of the County, the only Defendant in this case. Accordingly, summary judgment as to all Counts in the Amended Complaint is appropriate.

Finally, because Moise is not an employee who can sue the County because he did not have an employment relationship with the County as a matter of law, in an abundance of caution, even if the merits of the claims of his claims were considered, they are meritless. Moise's claim that his non-renewal as an AmeriCorps members was discriminatory or retaliatory is frivolous. The undisputed record evidence reflects that in June 2017 Moise was not renewed by the GMSC for another AmeriCorps term for the simple reason that Moise refused to sign the required AmeriCorps renewal documents. Moise's claim that he did not receive the same pay as allegedly younger GMSC employees does not state a prima facie claim because Moise was not similarly-situated to GMSC employees because Moise was an AmeriCorp member, not an employee. Since Moise cannot genuinely dispute these legitimate non-discriminatory, non-retaliatory reasons for his non-renewal and cannot establish that he is similarly-situated or that his pay was discriminatory, summary judgment as to the Amended Complaint is appropriate.

## I.  BACKGROUND

### The Plaintiff

Plaintiff, Hans Moise ("Moise") is a 63 year old male. (DSMF ¶ 3). Moise has participated in over 14 lawsuits as a plaintiff or defendant in three states.[3] He has also operated several business including a real estate business, Island Trading Unlimited. (*Id.*). From March 28, 2016 through June 19, 2017, Moise served as an AmeriCorps member with Greater Miami Services Corp. (*Id.*).

---

[3] Moise was a party to at least seven lawsuits in California, three lawsuits in Georgia and four lawsuits in Florida. (*Id.* pp. 132-161).

AmeriCorps was created by Congress so that volunteers may provide service within the United States.  (DSMF ¶ 4). AmeriCorps members participate in community revitalization projects and receive a stipend.  (*Id*.) At the end of their term, AmeriCorps members may receive an educational scholarship.  (*Id*.) AmeriCorps is administered by The Corps Network ("TCN")(*Id*.)

### The Defendant – Miami-Dade County

Defendant Miami-Dade County ("the County") is a political subdivision of the State of Florida.  The County operates a local government with various functions including policing, transit services, water and sewer services, fire and rescue services, social services, and a number of other governmental functions.   The County is comprised of twenty-five departments including the Community Action and Human Services Department ("CAHSD").  CAHSD is responsible for providing social service programs throughout the County.  (*DSMF ¶1*)

### Moise was not a Miami-Dade County employee

Pursuant to the County's Personnel Rules for Classified Service, County employment status can only be conferred by a County department director upon an applicant which is interviewed and selected from a County eligibility list. (DSMF ¶27).  According to Moise, even though he signed the: 1) AmeriCorps Enrollment Forms on March 8, 2016, 2) the AmeriCorps Enrollment Form on October 2017; and 3) the AmeriCorps OYSI Member Agreement on March 2016, he claims he is not an AmeriCorps member.  (DSMF ¶ 28).   Contrary to all of the AmeriCorps documents he signed, Moise claims that he is an employee because he received workers' compensation coverage after he was injured in January 2017.

> Q.    (Mr. Moffett)  But all these documents, Exhibits 1, 2, 3 and 4 are referring to you as an [AmeriCorps] member?
>
> A.    (Mr. Moise)  Yes, but I was not a member.  I was an employee.   That is why I was getting workers' compensation. . . ."

(*Id.*)

Moise was not a County employee.  (DSMF ¶29).  Moise was not selected by a County Department Director for a vacant position from a County eligible list. (*Id.*).   Additionally, the County's Personnel Change Document establishes that Moise's employment status was "<u>AY-Non-County Employee.</u>"  (*Id*)(emphasis added).  This status is used to identify an individual who is being paid through the payroll system for a specific administrative reason, but is not a County employee.  (*Id.*).

Furthermore, CAHSD Director Lucia Davis-Raiford did not hire Moise as a CAHS employee.  DSMF ¶30.  The only conversation Moise had with Director Davis-Raiford occurred in June 2017 at a GMSC graduation. (*Id.*).  During that conversation, Director Davis-Raiford did not offer Moise a position with CAHSD.  (*Id.*).  The County Human Resource Director confirmed that Moise was not issued a letter from CAHSD offering him County employment.  (DSMF ¶30).

### Greater Miami Service Corps

The Greater Miami Service Corps ("GMSC") is a Florida 501(c)(3) not for profit corporation based in Miami, Florida.  (DSMF ¶ 6).  GMSC is governed by a Board of Directors in accordance with its by-laws.  (*Id*).  Pursuant to its By-Laws, GMSC selects its Executive Director.  (*Id.*).  GMSC receives federal, state and local funding and has a yearly budget of about $2.45 million.   (*Id.*).  Presently, GMSC operates from two locations, 810 N.W. 28 Street, and 15355 Harding Lane.  (*Id.*).  GMSC is a separate legal entity from Defendant Miami-Dade County, which is a local government entity under Florida law.

The GMSC is one of 130 hosts for AmeriCorps programs operating in every state and the District of Columbia.  (*Id.* ¶ 8).  GMSC's mission is to "engage out of school young people with employment training services that reconnect youth to education, community employment and

towards self-sufficiency." (*Id*.).   These GMSC participants receive guidance from adults who serve as mentors.  (*Id*.).   GMSC offers five different programs that are designed to improve the participants' knowledge, skills and abilities including AmeriCorps. (*Id.* ¶ 8-9).

### AmeriCorps Opportunity Youth Services Initiative

On September 14, 2015, GMSC entered into a Subgrantee Agreement with the TCN  for the AmeriCorps Opportunity Youth Service Initiative ("AmeriCorps OYSI Initiative"). (*Id.* ¶ 10). The AmeriCorps OYSI Initiative provides young adults meaningful civic engagement and community service experience.  (*Id*.). Pursuant to the Subgrantee Agreement, GMSC received a federal grant of $232,093 to host the AmeriCorps OYSI Initiative.  (*Id*.).

### Moise attends GMSC Orientation and signs 2016 AmeriCorps  Enrollment Form

On March 21, 2016, Moise attended a GMSC orientation and signed the Member Orientation Verification Form. (*Id.* ¶ 11).   On March 28, 2016, Moise signed the AmeriCorps Enrollment Form and certified that the information contained therein was correct.  (*Id*. ¶ 12).  That day, Moise also signed the GMSC Opportunity Youth Service Initiative (OYSI) Corps Member Position Description & Responsibilities Form, the GMSC Criminal History Check Consent & Disclosure Form and the AmeriCorps Determination of Economic Status Form.  (*Id*.).

### Moise signs AmeriCorps 2015-2016
### Opportunity Youth Service Initiative (OYSI) Member Service Agreement

Additionally, on March 28, 2016, Moise initialed all pages of AmeriCorps OYSI Service Agreement[4] and signed it.  (*Id.* ¶ 13). This AmeriCorps OYSI Agreement is between GMSC, AmeriCorps and Moise, and sets forth the terms and conditions of Moise's AmeriCorps service. (*Id.*)

---

[4] The AmeriCorps OYSI Service Agreement is distributed by AmeriCorps to all not for profit hosts throughout the country.  (DSMF ¶13).

Moise's AmeriCorps OYSI Service Agreement provides for a March 28, 2016 start date with an estimated March 27, 2017 end date.  (*Id. ¶* 14).  Moise was to serve 675 hours and receive a payment of a bi-weekly living allowance of $312.20.  (*Id.*). This payment is commonly referred to as a stipend.  Upon completion of the 675 hours, Moise was to receive an AmeriCorps Educator Award of $2,182.78.  (*Id.*)

As an AmeriCorps member, Moise was assigned to perform services as a mentor.[5] Moise, provided his AmeriCorp member mentoring services at the GMSC facility located at 810 N.W. 28 Street in Miami.  (*Id. ¶* 15).

> Q.    (Mr. Moffett)  When you say "there", where are you referring to?
>
> A.    (Mr. Moise)   The Greater Miami Service Corps *where I was working*.  (emphasis added).
>
> Q.    . . . . Where was the location out of which you were working for Greater Miami Service corps?
>
> A.    810 Northwest 28 St.
>
> \*                  \*                  \*
>
> Q.    What type of building is that?
>
> A.    It is a building where they have school for kids.  I mentor and teach.

(*Id.*)  As a mentor, Moise also drove the younger GMSC-AmeriCorps members to job sites and provided guidance.  (*Id.*).  Moise received an AmeriCorps stipend of $312.00 bi-weekly.  (*Id.*).

---

[5] In 2014, supplemental funding became available for the hiring of AmeriCorps members over the age of 25 as mentors. (DSMF ¶ 5). This initiative provided not for profit organizations with funds for AmeriCorps members that are 25 years of age or older to serve as mentors.  (*Id.*).

**Moise receives GMSC uniform**

GMSC issued all AmeriCorps mentors a uniform - a shirt with a GMSC logo and safety boots. (*Id.* ¶17).  Moise wore his GMSC uniform while performing his AmeriCorps member services at GMSC. (*Id.*).  Moise was one of five GMSC AmeriCorps mentors.  (*Id.* ¶18). The five GMSC AmeriCorps mentors were:  Sherrye Mason, Darren Scott, Ronnie Melton, Kimberly Bryant and Moise.  (*Id.*)  These five GMSC mentors are more than 25 years old.  (*Id.*)   Moise reported to GMSC Supervisor Andre Miller and Project Manager Robert Parson.  (*Id.* ¶16).  Parson reported to GMSC Director Deborah Dorsett.[6]  (*Id.*)

**Moise Signs AmeriCorps Member Mid-Term and
End Term Performance Evaluations**

On June 4, 2016, GMSC Supervisor Andre Miller issued Moise an AmeriCorps member Mid-Term Evaluation.  (*Id.* ¶ 19).  In this Mid-Term Evaluation, Miller noted that "Member [Moise] adheres to regulations stipulated in the Corps member handbook + AmeriCorps agreement." (*Id.*)  GMSC Supervisor Miller also marked "yes" to the question, "Has the member thus far met other performance criteria that were clearly committed at the beginning of the service term." (*Id.*)  Moise signed the AmeriCorps Mid-Term Evaluation.  (*Id.*)

On August 12, 2016, GMSC Supervisor Miller issued Moise an AmeriCorps end-term evaluation. (*Id.* ¶ 20).  In this end-term evaluation, GMSC Supervisor Miller noted that Moise "member [Moise] completes all assignments in a timely manner." (*Id.*)  Moise signed and dated the AmeriCorps End-Term Member Evaluation.  (*Id.*).

---

[6] Director Dorsett and Project Manager Parson are CAHS employees that are currently on loan to GMSC.  (*Id.*).

On October 7, 2016, Moise signed the AmeriCorps National Service Trust Exit Form. This "form will end the term of an AmeriCorps member in the National Service Trust. . ." (*Id.* ¶ 21).

### Moise signs A Second AmeriCorps Enrollment Form[7]

On October 10, 2016, Moise sought a second term as a GMSC AmeriCorps member and signed his second AmeriCorps Enrollment Form.  (*Id.* ¶ 22). In question number 8 of this form, Moise correctly indicated that he had previously enrolled in an AmeriCorps program, having successfully completed his first term with  GMSC AmeriCorps.

> 8.      Have you previously enrolled in AmeriCorps, Silver Scholar, or Serve America Fellow Program?
> No                 ☐      Yes        ☒
> If yes, how many times  1

(*Id.*).

### Moise suffers an Injury

On January 30, 2017, Moise was injured when he fell off a ladder at a GMSC site. According to Moise, the County provided Moise with workers compensation coverage for this June 30, 2017 injury.  (*Id.* ¶ 23). According to Moise, the doctors assigned through the County Workers Compensation office that operated on his knees "were paid to destroy him" and "intentionally performed the surgery poorly."). (*Id.*)

### Moise refuses to sign his 2017 Mid-Term Evaluation
### And AmeriCorps Suspension Form

---

[7] An AmeriCorps member can only serve a maximum of 675 hours.  (DSMF ¶14 and Att. 5).

On April 7, 2017, GMSC Post-Secondary Coordinator, Kimberly McNaught[8] asked Moise to sign his AmeriCorps timesheets, Mid-Term Evaluation and AmeriCorps Suspension Form.  (*Id.* ¶ 24). Moises refused.  (*Id.*).

Consequently, on June 19, 2017, Director Dorsett issued Moise a memorandum directing him to sign the timesheets, Mid-Term Evaluation and AmeriCorps Suspension Form.  (*Id.* ¶ 25). Director Dorsett also informed Moise that "[t]imesheets are required to validate member service and eligibility to receive his/her living allowance."  (*Id.*)  Director Dorsett reminded Moise that his "member agreement states . . . the requirement to document program attendance by completing and signing a timesheet. . . ." (*Id.*).  Finally, Director Dorsett advised Moise that "if you continued to refuse to sign these documents in violation of AmeriCorps policy requirements, Friday, June 14, 2017 will be your last day of service with the Greater Miami Service Corps."  (*Id.*)

### Moise was not Renewed for another Term with AmeriCorps
### Because he refused to Sign the necessary AmeriCorps documents

Moise did not comply with Director Dorsett's directive to sign the AmeriCorps documents. (*Id.* ¶ 26).  Instead, he wrote on Director Dorsett's memorandum of June 19, 2017, that "[d]ue to intimidation and traits (sic) of terminations, I disagree to the terms and **therefore refuse to sign**." (*Id.*) (emphasis added)  Because Moise refused to sign the AmeriCorps documents, he could not seek another term with GMSC AmeriCorps.  Consequently, Moise's last day serving as an AmeriCorps member at GMSC was June 18, 2017.  (*Id.*)

### Moise failed to exhaust administrative
### Remedies provided in OYSI Service Agreement

---

[8] Ms. McNaught is a temporary part-time GMSC employee.  McNaught is not a County employee. (DE 66, Attachment 26, ¶1).

As an AmeriCorps member, Moise could have filed a grievance concerning issues including his non-renewal from GMSC. (*Id.* ¶ 31). Moise's AmeriCorps OYSI Service Agreement sets forth a grievance process for "service related issues such as assignments, evaluations, suspension or release for cause." (*Id.*). Moise, however, never filed a grievance under this procedure.

## II. ARGUMENT

### A.    SUMMARY JUDGMENT IS APPROPRIATE BECAUSE AMERICORPS MEMBERS LIKE MOISE ARE NOT EMPLOYEES OF ANY EMPLOYER

AmeriCorps is a creation of federal law.  The governing statute is the National and Community Service Act of 1990 ("the Service Act").  From the outset, the Service Act has provided that, an AmeriCorps "participant"—that is, an individual like Moise who is enrolled in a "program" receiving AmeriCorps benefits—"shall not be considered a Federal employee and shall not be subject to the provisions of law relating to Federal employment." 42 U.S.C. § 12655n. Congress later amended the Service Act to provide further that a participant **"shall not be considered *to be an employee of the program in which the participant is enrolled*."** 42 U.S.C. § 12511(17)(B) (emphasis added).  A participating member is assigned to an approved organization and does not receive a traditional salary or wages but instead a living allowance and an educational award.  *See* 45 C.F.R. §§ 2522.240-.250.

**Moise signs AmeriCorps Enrollment Form and other AmeriCorps documents**

It is undisputed that Moise was an AmeriCorps member "participant" and that the GMSC was a "program" within the meaning of the statute.  (DSMF ¶ 11-26).  The documents signed by Moise reflect that Moise's AmeriCorp service relationship was with GMSC.  In the GMSC background request form, Moise signed six documents reflecting his service relationships with

GMSC including:  1) March 21, 2016 AmeriCorps – GMSC Member Orientation Verification; 2) March 28, 2016 AmeriCorps-GMSC OYSI Member Service Agreement; 3) March 28, 2016 AmeriCorps GMSC National Service Trust Enrollment Form; 4) June 4, 2016 AmeriCorps Mid-Term Member Evaluation signed by GMSC Supervisor Andre Miller; 5) October 7, 2016 AmeriCorps End-Term Member Evaluation signed by GMSC Supervisor Miller and GMSC Program Manage to Midnight and 6) October 10, 2016 AmeriCorps National Service Trust Enrollment.  (*Id.)*

As an AmeriCorps member with GMSC, Moise was neither a federal employee nor a GMSC employee.  He was instead simply an AmeriCorps member participant.  *See American Red Cross*  at  pp. 5-6.  ("In sum, there is no sufficient ground to depart from the plain meaning of the AmeriCorps statute, under which [plaintiff] was an 'employee' of neither the federal government nor the Chapter.  She was, in short, **not an 'employee' at all**.")(emphasis added);  *Rodriguez v. Corp for National Community Service, et al.,* ___ F. Supp. 3d ___, 2009 Lexis 675341, at p. 11 (W.D. Tex 2009)("As an AmeriCorps member, [plaintiff] was not an employee of [defendant]. No employment relationship existed between [defendant] and [plaintiff]); *Self v. I Have a Dream Foundation – Colorado*, 552 Fed. Appx. 782 (10th Cir. 2013) ("[u]nder federal law, AmeriCorps participants are not considered employees of the Foundation").  *See Arts of All, Inc.*, Case 28-CA-109844 (January 15, 2014)(NLRB dismissed charge and held that AmeriCorps participants shall not be considered employees of host organizations and thus petitioner was not an employee under the NLRA).

Title VII prohibits discrimination only with respect to "compensation, terms, conditions, or privileges of *employment*," 42 U.S.C. § 2000e-2(a)(1) (emphasis added), or with respect to "*employees* or applicants for *employment* in any way which would deprive or tend to deprive any

individual or *employment* opportunities or otherwise adversely affect his status as an *employee*. 42 U.S.C. § 2000e-2(a)(2) (emphasis added). The Eleventh Circuit has made clear that Title VII thus deals only with claims of an "employee." *See*, *e.g.*, *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998) ("we have held that only those plaintiffs who are 'employees' may bring a Title VII suit"). *See American Red Cross* at p. 6.

Similarly, the ADA, FLSA, ADEA, FCRA[9] and FWCA also involve claims by employees. For example, the ADA provides "no covered entity shall discriminate against a qualified individual . . ." 42 U.S.C. § 12112(a). A covered entity includes "an employer, employment agency, labor organization, or joint labor management committee." (*Id*. § 12112(2). The ADA further defines employee "as an individual employed by an employer." (*Id*. §12111(4)).

Here, Moise cannot establish an employment relationship with any employer including the County "because by law []he is excluded from being in such a relationship." *Rodriguez v. Corp. for National Community Service*, et al., ___ F.Supp. 3d ____, 2009 U.S. Dist. Lexis 67534 at p. 10 (W.D. Tex. 2009)(granting summary judgment in ADA and RA case because plaintiff cannot establish she was in an employment relationship with defendant.). Because Moise is excluded by the Service Act from an employee-employer relationship, he cannot pursue the claims he has made in this case under FLSA, ADA, ADEA, FCRA or FWCA. Accordingly, summary judgment is warranted.

## B. PLAINTIFF WAS NOT A COUNTY EMPLOYEE

Even assuming Moise is not an AmeriCorps member, the only possible existence of an employee – employer relationship was between Moise and a Florida non-profit corporation, the

---

[9] Because the FCRA is patterned after Title VII, the FCRA is construed in tandem with Title VII. *See Williams v. Florida Atlantic University,* ___ Fed. Appx. __, 2018 WL 1566526 at *2 (11th Cir. 2018).

GMSC.  Yet, in this lawsuit, Moise sued the County and not GMSC.  Because Moise was not an employee of the County, summary judgment is appropriate on all claims in this lawsuit.   As such, the Court need not consider the remaining arguments.  *See e.g. Abreu v. Alutiiq-mele, LLC, et al.*, 2011 WL 113718 at n. 2 (S.D. Fla. 2011)(granting summary judgment in an employment discrimination case stating that "[b]ecause the Court finds that [defendant employer] is not a proper party to this action, summary judgment is appropriate as to [defendant] and the Court need not address the other bases of [defendant's] motion.").

The County's Human Resource Director Arleene C. Cuellar has unequivocally established that Moise is not a County employee.  (DSMF ¶ 28).  Moise is not a County employee because he was not selected from an HR approved eligibility list for a vacant position and issued an offer letter by a County department director. Additionally, the County's Personnel Change Document which is used to process Moise's stipend checks reflects that Moise employment status is "Non-County Employee."  (*Id*.).  The designation of "Non-County Employee" is consistent with the undisputable record evidence that Moise was never offered County employment by CAHSD Director Lucia Davis-Raiford.

The service relationship between Moise and GMSC is made clear by the agreements and documents signed by Moise and with GMSC including:  1) March 21, 2016 AmeriCorps – GMSC Member Orientation Verification; 2) March 28, 2016 AmeriCorps-GMSC OYSI Member Service Agreement; 3) March 28, 2016 AmeriCorps GMSC National Service Trust Enrollment Form; 4) June 4, 2016 AmeriCorps Mid-Term Member Evaluation signed by GMSC Supervisor Andre Miller; 5) October 7, 2016 AmeriCorps End-Term Member Evaluation signed by GMSC Supervisor Miller and GMSC Program Manage to Midnight and 6) October 10, 2016 AmeriCorps National Service Trust Enrollment.  (DSMF ¶¶ 11-26).

Moise's testimony also establishes that he provided service at GMSC. (DSMF ¶ 15). Indeed, Moise testified that he performed service at the GMSC facility located at 810 N.W. 28th Street, Miami, FL as a mentor.

> Q.    (Mr. Moffett) When you say "there," where are you referring to?
>
> A.    (Mr. Moise)   The Greater Miami Services Corps where I was working.
>
> Q.    (Mr. Moffett) What type of building is that?
>
> A.    (Mr. Moise)   It is a building where they have a school for kids. I mentor and teach.

(*Id*.). GMSC is not a defendant in this lawsuit.

Clearly, Moise did not have a legally cognizable relationship with the County, let alone an employee-employer relationship. Accordingly, summary judgment is warranted because the County was not Moise's employer under any of the statutes under which he has sued.

## C.    THE PLAINTIFF FAILED TO EXHAUST AVAILABLE STATUTORY ADMINISTRATIVE REMEDIES

If Moise believed that he had not been paid appropriately or been subjected to age, disability or retaliation discrimination while serving as an AmeriCorps member, he could have filed a grievance pursuant to the Service Act. Congress specifically prohibited discrimination against AmeriCorps participants based on age as well as other characteristics including sex, age, national origin, disability and political affiliation. *See* 42 U.S.C. § 12635(a). Congress made administrative remedies available for enforcement of this prohibition. *See* 42 U.S.C. § 12635(d). *See American Red Cross* at pp. 6-7. Moise, however, did not avail himself of these administrative remedies. Because Moise failed to exhaust available statutory administrative remedies, summary judgment is appropriate.

In *American Red Cross,* the court highlighted the public policy rationale behind Congress' decision to provide only administrative remedies for AmeriCorps members. As the Court explained:

> "Congress might have believed that more programs would be willing to take on AmeriCorps participants—and that more public service that would be performed—if the only forum available for resolution of discrimination claims was the comparatively quicker and cheaper administrative process, not the often slower and more expensive Title VII remedial scheme. **By explicitly providing that an AmeriCorps participant is neither a federal employee nor a program employee, Congress apparently opted not to make Title VII remedies available**. And whether Congress did or did not explicitly consider this issue, this is the import of the plain language Congress enacted.

(*Id*. at 7)(emphasis added).  Simply put, for AmeriCorps participants like Moise, Congress made administrative remedies available, yet Moise chose not to pursue them.  Thus, summary judgment is warranted as to all counts in the Amended Complaint.

### D.   SUMMARY JUDGMENT IS WARRANTED EVEN IF MOISE'S CLAIMS WERE CONSIDER ON THE MERITS.

#### 1.  The FLSA claims would be barred by the good faith exemption because of the Department of Labor's letter establishing that AmeriCorp members like Plaintiff are not covered employees under the FLSA

On November 18, 1998, the Department of Labor's ("DOL") Wage and Hour division published a letter establishing that pursuant to Service Act an AmeriCorps participant "is not an employee of the program for purposes of the Fair Labor Standards Act." (Wages & Hour Division, U.S. Dep't of Labor, Opinion Letter of November 18, 1998).   The DOL letter further established that AmeriCorps participants "are not entitled to wages from the program that meet the requirements of the Fair Labor Standards Act." (*Id.).*  GMSC relied in good faith on the DOL's letter in providing AmeriCorps members with a stipend and not wages.  Pursuant to 29 U.S.C. §

259(a), GMSC reliance on DOL's letter is an absolute defense to Moise's FLSA claims. Accordingly, Moise cannot pursue FLSA claims for his AmeriCorps service against anyone and certainly not against the County, who was not even his employer.   Accordingly, summary judgment as to Counts I and II is appropriate.

## 2. Plaintiff's Discrimination and Retaliation Claims Fail as a Matter of Law

### A. Difference in Pay Allegation

Moise asserts a claim of age discrimination because he claims he was paid less than younger GMSC employees in violation of the ADEA and the FCRA. (DE # 43, 55, 17, 18, 56-54, 65-75).   Moise's age discrimination claims are meritless because since he is an AmeriCorps member, Moise is not similarly situated to GMSC employees.   Thus, summary judgment is warranted as to Counts III – VI.

Both the ADEA and FCRA prohibit age discrimination in employment.  29 U.S.C. § 623 (9)(i); *Fla. Stat*. 760.10 (1)(a).  Both claims "are analyzed under the framework used to decide ADEA claims." *Rodriguez v. Cargo Airport Services USA, LLC*, 648 Fed. Appx. 986, 988 (11th Cir. 2016). Under the ADEA, the plaintiff must prove that the employer's adverse action would not have occurred <u>but for</u> the plaintiff's age. (*Id.*).

Here, Moise does not allege direct evidence of age discrimination and must proceed under the burden-shifting framework established in *McDonald Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 817 (1973). (*Id.*).  Moise must first establish a *prima facie* case of age discrimination by showing that similarly-situated younger employees were paid more than he was.   *Giraldo v. Miami-Dade College*, 2017 WL 2856433, *8 (S.D. Fla. 2017).   To establish "a *prima facie* case of discrimination under the ADEA, a plaintiff must show that he: 1) was a member of the protected

age group, 2) was subjected to adverse employment action, 3) was qualified to do the job, and 4) was replaced . . . a younger individual.") (*Id.*).

As to Moise's *prima facie* case concerning his claim that he was paid less than other GMSC employees, Moise points to GMSC employees such as Harold Miller and Teresa Johnson who Moise claims earned more than he did. (DE # 43 ¶ 17).  First of all, Miller and Johnson are over the age of fifty (50).  Second, Miller and Johnson are GMSC employees not AmeriCorps members like Moise.  (DE 66, Att. 10 ¶3).  Because the GMSC employees have a different employment status than Moise, they are not similarly situated.  *See Simpkins v. Miami-Dade Board of County Commissioners*, 2009 WL 10667802, *3 (S.D. Fla. 2009)(granting summary judgment in Title VII case because plaintiff was a probationary employee and could not identify another similar situated probationary employee).  As an AmeriCorps member providing service as a mentor, Moise was provided with a stipend just like the other five AmeriCorps mentors with GMSC.  Because Moise was not similarly-situated to the GMSC employees that he claims were paid more than him, Moise has failed to establish a *prima facie* case of age.  Accordingly, summary judgment on Moise's claims that he was discriminated in terms of pay is warranted.

### B.  Non-Renewal of AmeriCorps Term Claims

Moise purports to set forth federal and state discrimination and retaliation claims against Miami-Dade County arising from the non-renewal of Moise's AmeriCorp service agreement with the GMSC.  Moise cannot prevail on these claims because he cannot establish a *prima facie* case of discrimination or retaliation or show that the reasons for his AmeriCorps non-renewal were pretextual.  Accordingly, summary judgment is appropriate on the discrimination and retaliation claims in the Amended Complaint.

Moise steadfastly refused to sign required forms in order to renew his term as an AmeriCorps member with GMSC.  GMSC Director Dorsett did not renew Moise for another term in June 2017 because Moise refused to sign necessary AmeriCorps forms. (DSMF ¶26).  On June 19, 2017, Moise wrote the following on Director Dorsett's memorandum directing Moise to sign the AmeriCorps forms: "I disagree to the terms and therefore refuse to sign."  (*Id.*).   Instead of acknowledging the obvious that refusing to sign the required forms was the cause of his non-renewal, Moise has asserted that the non-renewal was instead age and disability discrimination and retaliation under the FLSA, ADA, ADEA, the FCRA and the FWC.  Summary judgment on all of these claims is warranted because the simple reason that Moise was not renewed is because he refused to sign the required renewal forms.  This a legitimate non-discriminatory non-retaliatory reason that defeats all of Moise's discrimination and retaliation claims.

Moise admits that he never heard Director Dorsett utter a discriminatory or retaliatory statement and must now proceed under the circumstantial evidence model.   Moise's claim that the non-renewal by GMSC was discriminatory fails because Moise's refusal to sign is the legitimate non-discriminatory for his non-renewal.  Because Moise cannot show that this stated reason was a pretext for unlawful discrimination in not renewing his AmeriCorps service agreement, Moise's discrimination claims fail.   *Humphrey v. Sears, Roebuck, and Co.*, 192 F. Supp.2d 1371, 1375 (S.D. Fla. 2002)(granting summary judgment on workers' compensation retaliation claim because plaintiff did not show that reasons for his termination were pretextual).

Moise's retaliation claims also fail.  In order to state claims for discriminatory retaliation, a plaintiff must present evidence that there was a casual connection between the statutorily protected activity and the adverse employment decision.  *Drago v. Jenne*, 453 F.3d 1301, 1307 (11th Cir. 2006).

Here, Moise cannot establish a *prima facie* case of retaliation because too much time elapsed between the protected activity and the non-renewal of his AmeriCorps agreement.  Moise claim his workers' compensation petition and his EEOC Charge are protected activity.  The workers' compensation petition was filed on January 30, 2017 and his EEOC charge was filed on March 22, 2017.  Nearly five months after the workers' compensation petition and virtually three months after the EEOC Charge passed when Moise refused to sign the necessary AmeriCorps forms and was not renewed for another AmeriCorps term with GMSC on June 19, 2017.  Accordingly, Moise cannot establish the requisite causation.  *Diaz v. Miami-Dade County*, 2010 WL 39271, *8 (S.D. Fla. 2010)(granting summary judgment on Title VII retaliation claim because more than three months elapsed between charge of discrimination and adverse action).

In addition to the temporal lapse, Moise's retaliation claims also fail because he cannot establish pretext.  Moise's claims that the non-renewal of his AmeriCorps service agreement by GMSC was unlawful retaliation under the federal and state laws cited in the Amended Complaint fail because it was Moise's own refusal to sign that caused the non-renewal.  This is a legitimate non-retaliatory reason for Moise's non-renewal.  Because Moise cannot show that this stated reason was a pretext for unlawful retaliation, Moise's retaliation claims also fail as a matter of law.  *See University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2528 (2013)(Supreme Court held plaintiff must establish that the retaliation would not have occurred but for the protected activity).  Accordingly, because Moise cannot establish his discrimination and retaliation claims on their merits, summary judgment is warranted.

WHEREFORE, Defendant Miami-Dade County respectfully requests that the Court grant summary judgment in its favor and against Plaintiff on all claims in the Amended Complaint and grant it attorney's fees and costs and such other relief as the Court deems just and proper.

Dated:  May 25, 2018                         ABIGAIL PRICE-WILLIAMS
                                         Miami-Dade County Attorney
                                         Stephen P. Clark Center
                                         111 N.W. 1st Street, Suite 2810
                                         Miami, Florida 33128

                                         By: s/ William X Candela
                                         William X Candela, Bar No. 759317
                                         Assistant County Attorney
                                         Email: WXC@miamidade.gov
                                         Phone: (305) 375-2147
                                         Fax: (305) 375-5634
                                         Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on May 25, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                         *s/William X. Candela*
                                         William X. Candela

## SERVICE LIST

Ruben Martin Saenz, Esq.
Ria Nikki Chattergoon, Esq.
Saenz & Anderson, PPLC
20900 N.E. 30th Avenue, Suite 800
Aventura, FL 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Email: msaenz@saenzanderson.com
ria@saenzanderson.com
Attorney for Plaintiff

Service by Electronic Filing generated by
CM/ECF

William X. Candela
Assistant County Attorney
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: (305) 375-5151
Facsimile:   (305) 375-5634
Email:       wxc@miamidade.gov
Attorney for Defendant
*Filing Party/No Service*